Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| T'ONYA GREEN, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) COMPLAINT AND DEMAND FOR JURY |
| | ) TRIAL |
| MERCANTILE ADJUSTMENT BUREAU, | ) |
| LLC, | ) (Unlawful Debt Collection Practices) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

T'ONYA GREEN ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MERCANTILE ADJUSTMENT BUREAU, LLC ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original

jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3.      Defendant conducts business in the State of New Jersey, therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person who resides in Cherry Hill, New Jersey.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), or in the alternative is a non-debtor granted a cause of action under the FDCPA.  See Bodur v. Palisades Collection, LLC, 2011 WL 6306725, at 8-9 (S.D.N.Y. 2011) (FDCPA protects non-debtors subject to errant collection efforts and "[t]o hold otherwise would run contrary to the purpose of the FDCPA to 'also protect [] people who do not owe money at all' since collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts.")

7.      Defendant is a national debt collection company with corporate headquarters located at 6390 Main Street, Williamsville, NY 14221.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

1.  At all relevant times, Defendant was attempting to collect an alleged debt of Plaintiff's deceased mother, who passed in March, 2011.

2.

- 2 -

3.      The alleged debt arose out of transactions that were primarily for personal, family or household purposes.

4.      Defendant's collection calls originated from numbers including, but not limited to, (877) 254-0957.  The undersigned has confirmed this number belongs to Defendant.

5.      Beginning in January 2012 and continuing through October 2012, Defendant's collectors called Plaintiff's cellular telephone approximately two to four times a day.

6.      The cellular telephone number was Plaintiffs, and was one that her mother never had access to and never used.

7.      Defendant's collectors "Marie" and "Sarah," (and others) were told by that the debt was not Plaintiff's but of her deceased mother, and to immediately stop calling. However, Defendant and its collectors continued to call Plaintiff.

8.      Defendant's calls were placed with the intent to harass Plaintiff as no lawful purpose was served by continuing to call.

9.      During its calls, Defendant's collectors regularly neglected to state that the communication was from a debt collector.

10.     Upon information and belief, the debt Defendant was calling about had been discharged in a bankruptcy prior to the death of Plaintiff's deceased mother.

11.     Defendant failed to mail Plaintiff a writing advising Plaintiff of her rights pursuant to the FDCPA.

12.     Further, upon information and belief, Defendant placed calls to Plaintiff's cellular phone that were computer generated and/or generated by the use of an automatic telephone dialing system, or used a pre-recorded or artificial voice.

13.     Defendant's telephone calls to Plaintiff's cellular phone were not for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

14.     Defendant's conduct was pursued with the intent to upset, annoy, incite, deceive and harass Plaintiff into paying the alleged debt of her deceased mother.


**COUNT I**
**DEFENDANT VIOLATED §1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt communication.

24.     Defendant violated section 1692d of the FDCPA by calling Plaintiff continuously and repeatedly over the course of many months, by continuing to contact her after she demanded that Defendant cease communication with her, and when it engaged in other harassing conduct.


**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

25.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

26.     Defendant violated section 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly, multiple times a day, and continuously over the course of months, with the intent to harass or annoy Plaintiff.


**COUNT III**
**DEFENDANT VIOLATED § 1692e OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

27.     Section 1692e of the FDCPA prohibits debt collectors from making false,

- 4 -

deceptive or misleading representations or means in connection with the collection of an alleged debt.

28.     Defendant violated § 1692e of the FDCPA when it was deceptive with Plaintiff when its collectors called her and did not identify themselves as debt collectors, when it attempted to collect a debt that was not owed by Plaintiff, and when it made other misleading representations.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(2)(A) OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

29.     Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making the false representation of the character, amount, or legal status of any debt.

30.     Defendant violated § 1692e(2)(A) when it attempted to collect an amount from Plaintiff that she did not owe.

**COUNT V**
**DEFENDANT VIOLATED § 1692e(10) OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

31.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

32.     Defendant violated § 1692e(10) of the FDCPA when it was deceptive with Plaintiff when its collectors called her and did not identify themselves as debt collectors, when it attempted to collect a debt that Plaintiff did not owe, and when it made other deceptive or misleading representations.

## COUNT VI
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

33.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

34.     Defendant violated § 1692f of the FDCPA by calling Plaintiff continuously and repeatedly on her cell phone over the course of many months, by continuing to contact her after she demanded that Defendant cease communication with her, with it failed to identify itself as a debt collector to Plaintiff, when it attempted to collect a debt not owed by Plaintiff, and when it engaged in other unfair or unconscionable conduct.

## COUNT V
### DEFENDANT VIOLATED § 1692f(1) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

35.     Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized or permitted by law.

36.     Defendant violated § 1692f(1) of the FDCPA when it attempted to collect a debt that Plaintiff never expressly authorized, nor that was permitted to be charged by law.

## COUNT VI
### DEFENDANT VIOLATED § 1692g(a) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

37.     Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to

Plaintiff on how to dispute the debt.

38.     Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt.

**COUNT VII**
**DEFENDANT VIOLATED**
**THE TELEPHONE CONSUMER PROTECTION ACT**

39.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

40.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

41.     A non-debtor has a vastly greater privacy interest from debt collection telephone calls to a cellular telephone than an individual who is a debtor.  Watson v. NCO Group Inc., 462 F.Supp.2d 641 (E.D. Pa. 2006.)

42.     Despite the fact that Plaintiff is a non-debtor who never consented to Defendant making calls to her telephone, upon information and belief, Defendant placed non-emergency calls to her telephone without Plaintiff's consent.

43.     The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

44.     Here, upon information and belief, Defendant regularly placed non-emergency, automated calls to Plaintiff's telephone, using a pre-recorded or artificial voice.

45.     Defendant did not have Plaintiff's express consent prior to contacting her on her telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, T'ONYA GREEN, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.  Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    e.  Any other relief deemed appropriate by this Honorable Court.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any Court, arbitration or administrative proceeding.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, T'ONYA GREEN, demands a jury trial in this case.


DATED:  01/23/13     /s/ Amy L. Bennecoff
             AMY L. BENNECOFF
             Attorney for Plaintiff
             Kimmel & Silverman, P.C.
             Executive Quarters
             1930 E. Marlton Pike, Suite Q29
             Cherry Hill, NJ 08803
             Phone: (856) 429-8334
             Fax:  (856) 216-7344
             Email: abennecoff@creditlaw.com